# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# <u>JACKSONVILLE DIVISION</u>

**In re:**

**LAURA LEIGH TAYLOR,**                    **CASE NO.: 18-03152-JAB**

    **Debtor.**
_____/

**GORDON P. JONES,**
**CHAPTER 7 TRUSTEE,**                    Adversary No. 3:22-ap-_____-JAB

    **Plaintiff,**

v.

**LAURA LEIGH TAYLOR,**

    **Defendant.**
_____/

## <u>COMPLAINT TO REVOKE DEBTOR'S DISCHARGE</u>

NOW COMES Plaintiff, Gordon P. Jones, Chapter 7 Trustee ("Plaintiff" or "Trustee"), by and through the undersigned counsel, and for his Complaint against Defendant, Laura Leigh Taylor ("Defendant" or "Debtor"), states, alleges and avers as follows:

### <u>Jurisdiction and Venue</u>

1.    On September 6, 2018 (the "Petition Date"), Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division, bearing Case No. 3:18-bk-03152-JAF (the "Bankruptcy Case").

2.    Plaintiff is the duly appointed and qualified Chapter 7 Trustee in the Bankruptcy Case.

3. According to the petition for bankruptcy filed in the Bankruptcy Case, Defendant's mailing address is 323 East Duval Street, Unit #301, Lake City, Florida 32055.

4. Plaintiff perfects service on Defendant pursuant to the provisions of Rule 7004(b)(9), Federal Rules of Bankruptcy Procedure.

5. This Court has jurisdiction over the subject matter of this proceeding pursuant to the provisions of the Bankruptcy Amendments and Federal Judgeship Act of 1984, 28 U.S.C. § 1334(a), and 28 U.S.C. § 157(b)(2)(J).

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## Facts Common to All Allegations

8. On March 11, 2019, the Trustee filed a Motion for Order Approving Compromise of Claims by and between the Trustee and the Debtor (the "First Compromise") (Doc. No. 23).

9. On April 5, 2019, the Court entered an Order approving the First Compromise (the "First Compromise Order") (Doc. No. 24), which provided for the Debtor to timely file her 2018 Federal Income Tax Return (the "2018 Return") and to, among other things, turnover 50% of the 2018 Federal Income Tax Refund (the "2018 Refund") to the Trustee.

10. The Debtor did not comply with the terms of the First Compromise Order.

11. On June 9, 2020, the Trustee filed a Second Motion for Order Approving Compromise of Claims by and between the Trustee and the Debtor (the "Second Compromise") (Doc. No. 29).

12. On July 8, 2020, the Court entered an Order approving the Second Compromise (the "Second Compromise Order") (Doc. No. 31).

13. The Second Compromise Order provided for, among other things, for the Debtor to turnover 100% of her 2017 Federal Income Tax Refund (the "2017 Refund") to the estate and for the Debtor to waive any and all claims of exemptions in and to same.

14. The Debtor did not comply with the terms of the Second Compromise Order.

15. On or about September 28, 2021, the Trustee conducted a Rule 2004 examination of the Debtor (the "Rule 2004 Exam") (*see* Doc. No. 37) at which time it became apparent that the Debtor previously received the 2017 Refund and no longer had any portion of the 2017 Refund.

16. On October 8, 2021, the Trustee filed a Third Motion for Order Approving Compromise of Claims by and between the Trustee and the Debtor (the "Third Compromise") (Doc. No. 38).

17. On November 5, 2021, the Court entered an Order approving the Third Compromise (the "Third Compromise Order") (Doc. No. 39), which provided that within ninety (90) days of the filing of the Third Compromise with the Court, the Debtor shall pay to the Trustee the total amount of $10,000.00 in one (1) lump sum (the "Settlement Funds").

18. The Settlement Funds were due to the estate on or before January 6, 2022.

19. To date, the Trustee has not received any portion of the Settlement Funds.

20. In the event of default, the Third Compromise Order provides:

> If the Debtor fails to pay the Settlement Funds within the time prescribed in the Third Compromise and herein and as agreed to by and between the Debtor and the Trustee, the Trustee shall immediately file an adversary complaint against the Debtor seeking (i) entry of a final judgment revoking the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(6)(A) for failure to comply with the Second Compromise Order and an Order granting this Third Compromise, and (ii) entry of a final judgment against the Debtor in the amount of $10,000.00, plus filing fees of $350.00, for a total of $10,350.00. By her signature to this Third Compromise, the Debtor has waived service of any such adversary complaint, summons and Local Rule 7001-1. Immediately upon the filing of

any such adversary complaint as described in the Third Compromise, the Trustee shall be entitled to entry of a Consent Final Judgment revoking the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(6)(A) and awarding the estate a monetary judgment in the total amount of $10,350.00 (the "Consent Final Judgment"), a copy of which was executed by the Debtor as of the filing of the Third Compromise and which was attached to the Third Compromise as Exhibit "A". Further, by her signature to the Third Compromise, the Debtor ratified her consent to entry of the Consent Final Judgment in the event of default.

Third Compromise Order, ¶ 6.

21. Attached as Exhibit "A" to the Third Compromise is a Consent Judgment Revoking the Debtor's discharge pursuant to 11 U.S.C. § 727, which was agreed to and signed by the Debtor on September 28, 2021 at the Rule 2004 Exam.

22. On December 14, 2018, the Debtor received a discharge pursuant to 11 U.S.C. § 727.

23. Pursuant to paragraph six (6) of the Order and as previously agreed to by the Debtor, the Trustee files this adversary proceeding to revoke the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(6)(A).

## COUNT I

**(Revocation of Discharge Pursuant to 11 U.S.C. § 727(a)(6)(A))**

24. Plaintiff hereby incorporates paragraphs 1-23 as if fully re-written and restated at length herein.

25. The court shall grant a discharge to a debtor unless it can be shown that the debtor has "refused to obey any lawful order of the court, other than an order to respond to a material question or to testify." 11 U.S.C. § 727(a)(6)(A).

26. Upon the Trustee's information and belief, the Debtor knowingly refused to comply with the Third Compromise Order by failing to pay the Settlement Funds due under the Third Compromise and Third Compromise Order.

27. Given the foregoing, the Debtor's discharge should be revoked pursuant to 11 U.S.C. § 727(a)(6)(A).

28. The Debtor has agreed to the relief sought in this adversary proceeding by virtue of her signature to the Consent Judgment, which was previously signed by the Debtor on September 28, 2021 at the Rule 2004 Exam and was attached as Exhibit "A" to the Third Compromise.

WHEREFORE, Plaintiff, Gordon P. Jones, Chapter 7 Trustee, respectfully requests the following relief: (i) that judgment be entered against Defendant revoking her discharge pursuant to 11 U.S.C. § 727(a)(6)(A); (ii) that judgment be entered against Defendant in the amount of $10,000.00; (iii) that judgment be entered against Defendant for Plaintiff's costs herein of $350.00; and (iii) awarding Plaintiff such further relief as may be deemed appropriate.

Respectfully submitted,
**JOHNSON LAW FIRM, P.A.**

/s/ Eugene H. Johnson
Eugene H. Johnson, Esq. (0032105)
Lauren W. Box, Esq. (0106242)
100 North Laura Street, Suite 701
Jacksonville, Florida 32202
(904) 652-2400 Telephone
ehj@johnsonlawpa.com
lauren@johnsonlawpa.com

*Attorneys for Plaintiff, Gordon P. Jones, Chapter 7 Trustee*